IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JEANNETTE POZO, <u>et al.</u>,    )<br>                                                        )<br>        Plaintiffs,                        )<br>                                                        )<br>        v.                                           )<br>                                                        )<br>THE UNITED STATES,                )<br>                                                        )<br>        Defendant.                        )<br>                                                        ) | No. 12-201C<br>(Judge Braden) |

# PLAINTIFFS' OPPOSITION TO

# DEFENDANT UNITED STATES' MOTION TO TRANSFER

### INTRODUCTION

Pursuant to Rule 7.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs respectfully oppose Defendant United States' ("Defendant") Motion to Transfer Plaintiffs' claims to the United States District Court for the District of Columbia because this Court has exclusive Tucker Act jurisdiction over Plaintiffs' danger pay claims. Plaintiffs also oppose Defendant's Motion to Transfer because the issue of this Court's jurisdiction over claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, <u>et seq.</u>, is currently pending before the U.S. Court of Appeals for the Federal Circuit.

### STATEMENT OF THE ISSUE

Whether this Court's exclusive jurisdiction to entertain Plaintiffs' claims pursuant to the Tucker Act, 28 U.S.C. § 1491, precludes the transfer of Plaintiffs' claims to a district court.

1

STATEMENT OF THE CASE

The Plaintiffs in this case are employed by the Department of Homeland Security, Customs and Border Protection ("CBP") as Supply Chain Security Specialists in its Customs-Trade Protection Against Terrorism ("C-TPAT") program. Compl. ¶¶ 1, 8-9. In Count I of their Complaint, Plaintiffs alleged that Defendant willfully violated, and is continuing to willfully violate, the provisions of the FLSA by refusing to provide Plaintiffs and other similarly situated employees with overtime compensation and other pay. *Id.* ¶¶ 16-23. In Count II of their Complaint, Plaintiffs alleged that Defendant violated, and is continuing to violate, 5 U.S.C. § 5928 and other provisions of Title 5 of the U.S. Code by refusing to pay Plaintiffs and other similarly situated employees danger pay as required under law. *Id.* ¶¶ 24-29.

With regard to Plaintiffs' claims in Count II, Defendant filed a motion to dismiss for lack of subject matter jurisdiction on February 13, 2012. *See* Defendant's Motion to Dismiss Count II and for a More Definite Statement as to Count I of the Second Amended Complaint, ECF No. 11. Plaintiffs submitted their opposition to this motion on March 29, 2012. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss Count II and Plaintiffs' Response to Defendant's Motion for a More Definite Statement as to Count I, ECF No. 14. Defendant submitted a reply in support of its motion on April 26, 2012. *See* Defendant's Reply to Plaintiffs' Opposition to Motion to Dismiss Count II and for a More Definite Statement as to Count I of the Second Amended Complaint, ECF No. 17. At issue in these briefs is whether 5 U.S.C. § 5928 and the applicable regulations are a money-mandating source of law that provides this Court with Tucker Act jurisdiction over Plaintiffs' danger pay claims. ECF No. 14 at 6.

SUMMARY OF ARGUMENT

This Court possesses exclusive jurisdiction over Plaintiffs' danger pay claims because federal district courts have no jurisdiction over claims exceeding $10,000 in amount against the United States that are brought under the Tucker Act. As such, Plaintiffs could not have brought their danger pay claims in district court, and granting Defendant's Motion to Transfer would deny Plaintiffs a forum in which to proceed with these claims.

Moreover, the issue of the jurisdiction of this Court to entertain FLSA claims is currently pending before the U.S. Court of Appeals for the Federal Circuit. The outcome of this case may affect the jurisdictional determination in these proceedings.

Regardless of the Federal Circuit's determination about this Court's jurisdiction over claims pursuant to the FLSA, this Court will continue to possess exclusive jurisdiction over Plaintiffs' danger pay claims pursuant to the Tucker Act, and Defendant's Motion to Transfer therefore must be denied.

ARGUMENT

I. Standard of Review

   A. Tucker Act Jurisdiction

"All federal courts are courts of limited jurisdiction." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). The plaintiff carries the burden of establishing the court's subject matter jurisdiction over her claims. *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The court "must accept as true the facts asserted in the complaint and 'draw all reasonable inferences in favor of the plaintiff' in determining whether jurisdiction exists in a particular case." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (quoting *Goel v. United States*, 62 Fed. Cl. 804, 806 (2004)).

The Tucker Act provides the U.S. Court of Federal Claims with jurisdiction over claims for money damages against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and waives the Government's sovereign immunity with respect to such claims. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (quoting 28 U.S.C. § 1491(a)(1)). To invoke the Court's jurisdiction under the Tucker Act, the plaintiff must also identify a substantive right that is enforceable against the government for money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976). Specifically, the plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that is "money-mandating," meaning that it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)); 28 U.S.C. § 1491(a)(1).

B.  Motion to Transfer

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. A court may transfer a case pursuant to this statute if three factors are present: "(1) [T]he transferor court lacks subject matter jurisdiction; (2) at time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice." *Skillo v. United States*, 68 Fed. Cl. 734, 744 (2005) (citing *Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988)).

II.   This Court Has Exclusive Jurisdiction Over Plaintiffs' Danger Pay Claims

Defendant moves to transfer Plaintiffs' claims to the U.S. District Court for the District of Columbia, based on a lack of subject matter jurisdiction. However, this Court has exclusive jurisdiction over Plaintiffs' danger pay claims. Plaintiffs were unable to bring these claims in the district court at the time that these claims were filed, and granting Defendant's Motion to Transfer would deny Plaintiffs a forum in which to proceed with their danger pay claims.

Pursuant to 28 U.S.C. § 1346, a federal district court has original jurisdiction, concurrent with this Court, over "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). This jurisdictional provision has been interpreted to bar the exercise of jurisdiction by district courts over claims against the United States, founded upon the Constitution, a statute, or a regulation, that exceed $10,000 in amount, in cases not sounding in tort. *See Jan's Helicopter Service, Inc. v. FAA*, 525 F.3d 1299, 1304 (Fed. Cir. 2008) (holding that the Court of Federal Claims has exclusive jurisdiction over plaintiffs' takings claim against the United States for money damages exceeding $10,000 pursuant to the Tucker Act); *Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir. 1988) (noting that the Tucker Act jurisdiction of the district courts is limited to claims not exceeding $10,000, and that a plaintiff who pursues such a claim in district court waives her right to recover the amount exceeding $10,000); *Ross v. United States*, 641 F. Supp. 368, 376 (D.D.C. 1986) (finding that, with regard to plaintiff's contract claim against the United States, "jurisdiction is covered by the Tucker Act and may be found only in the [Court of Federal Claims]"). In fact, several circuits have determined that the Court of Federal Claims

"has exclusive jurisdiction of a Tucker Act claim in excess of $10,000," and that "[f]ederal district courts are granted concurrent jurisdiction with the [Court of Federal Claims] *only* over suits for $10,000 or less." *Ware v. United States*, 626 F.2d 1278, 1287 (5th Cir. 1980) (emphasis added); *see, e.g., McKay v. United States*, 703 F.2d 464 (10th Cir. 1983) (holding that claims against the Government that exceed $10,000 and that do not sound in tort are within the exclusive jurisdiction of the then-named Claims Court under the Tucker Act).

Plaintiffs have demonstrated that 5 U.S.C. § 5928 and the applicable regulations, alone and as applied by Customs and Border Protection, are a money-mandating source of law that provides this Court with Tucker Act jurisdiction over Plaintiffs' danger pay claims. *See* ECF No. 14 at 9-18. Because federal courts have consistently found that the Court of Federal Claims has exclusive jurisdiction over Tucker Act claims that exceed $10,000 in amount, it is unlikely that the district court would find that it can properly hear Plaintiffs' danger pay claims. Accordingly, Plaintiffs could not have filed their danger pay claims in federal district court in the first instance, and transferring these claims to a district court would deny Plaintiffs a forum to proceed with these claims and thus would not serve the interests of justice. This Court should deny Defendant's Motion to Transfer because this Court has exclusive jurisdiction over Plaintiffs' danger pay claims.

III.   <u>The Issue of This Court's Jurisdiction Over FLSA Claims Is Currently Pending Review by the U.S. Court of Appeals for the Federal Circuit</u>

Defendant argues that this Court does not possess jurisdiction to entertain Plaintiffs' claims arising under the FLSA on the basis that reliance on the Tucker Act is displaced after *United States v. Bormes*, 133 S. Ct. 12 (2012). ECF No. 35 at 1. The identical issue—the jurisdiction of this Court over claims arising under the FLSA—is pending review by the U.S.

Case 1:12-cv-00201-SGB   Document 18   Filed 08/15/13   Page 7 of 8

Court of Appeals for the Federal Circuit in *Abbey, et al. v. United States*, No. 13-5009. The Court's jurisdiction over Plaintiffs' FLSA claims in this case may be determined by the outcome in *Abbey*. As such, Plaintiffs request that this Court deny Defendant's Motion to Transfer.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Transfer Plaintiffs' claims to the U.S. District Court for the District of Columbia.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br>Jules Bernstein | **/s/Linda Lipsett**<br>Linda Lipsett (Counsel of Record)<br>Bernstein & Lipsett, P.C. |
| Edgar James<br>James & Hoffman<br>1130 Connecticut Avenue, N.W.<br>Suite 950<br>Washington, D.C. 20036<br>(202) 496-0500<br>(202) 496-0555 facsimile<br>Ejames@jamhoff.com | 1920 L Street, N.W., Suite 303<br>Washington, D.C. 20036<br>(202) 296-1798<br>(202) 296-7220 facsimile<br>chouse@bernstein-lipsett.com |

Attorneys for Plaintiffs

Dated: August 15, 2013

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 15th day of August 2013, a copy of the foregoing "PLAINITFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO TRANSFER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      **/s/Linda Lipsett**